IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ERIC WILLIAMS, :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.: CV614-011
:
STANLEY WILLIAMS, Warden; :
JAMES DEAL, Deputy Warden; :
ERIC SMOKES, Unit Manager; :
and KATHY MARTIN, Officer, :
:
    Defendants. :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Smith State Prison in Glennville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. Defendants filed a Motion to Dismiss. Plaintiff filed a Response. Defendants filed a Reply. For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff asserts that a group of inmates stabbed him immediately after he was released from administrative segregation and that he nearly died as a result. Plaintiff contends that he was stabbed in that same dormitory approximately a year before the second stabbing, and Defendants Williams, Deal, Smokes, and Martin knew, based on the first stabbing, that he was not supposed to be placed in that dormitory. Plaintiff contends that this information was in his institutional file. Plaintiff also contends that

Defendant Martin told him that he would be given a disciplinary report if he did not go into the dorm, and Plaintiff told Defendant Martin that he had "problems in that dorm[.]" (Doc. No. 1, p. 5). Plaintiff contends that Defendant Martin told him she did not care.

Defendants assert that Plaintiff's Eighth Amendment claims against them should be dismissed, as Plaintiff's allegations do not show a particularized threat to his safety. Defendants Williams, Deal, and Smokes contend that they are not liable for any alleged violations of Plaintiff's constitutional rights based on respondeat superior principles. Defendants allege that, to the extent Plaintiff has sued them in their official capacities, Plaintiff cannot sustain a cause of action for monetary damages against them in their official capacities. Defendants also allege that they are entitled to qualified immunity. Finally, Defendants allege that Plaintiff is not entitled to his requested injunctive relief that this Court declare that Defendants' acts and omissions violated his constitutional rights.

## STANDARD OF REVIEW

Under a Rule 12(b)(6) motion to dismiss, a court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.

## DISCUSSION AND CITATION TO AUTHORITY

Defendants aver that Plaintiff merely alleges that he informed Defendant Martin that he had problems in the dormitory to which he was being moved, but Plaintiff fails to specify what his problems were and with whom he had these problems. Defendants assert that Plaintiff makes conclusory allegations that, because he was stabbed approximately one (1) year earlier in the same dorm, Defendants were aware of it and should have known that Plaintiff would be in danger by being placed back in this dormitory. Defendants allege that Plaintiff: fails to allege that any Defendant had knowledge of a particularized threat to his safety; makes conclusory allegations about his generalized fears; and fails to allege a causal link between Defendants' actions or inaction and his injuries.

Plaintiff responds by reasserting the claims made in his original Complaint. Plaintiff also adds that, when he was in the medical unit after the first stabbing, Defendants Williams, Deal, and Smokes were in the infirmary with him. (Doc. No. 22, p. 4).

AO 72A
(Rev. 8/82)

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. "'To show a violation of [his] Eighth Amendment rights, [a p]laintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.'" Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010) (quoting Purcell ex rel. Estate of Morgan v. Toombs Cnty., Ga., 400 F.3d 1313, 1319 (11th Cir. 2005)). "To be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Purcell, 400 F.3d at 1319-20). Whether a substantial risk of serious harm exists so that the Eighth Amendment might be violated involves a legal rule that takes form through its application to facts. However, "simple negligence is not actionable under § 1983, and a plaintiff must allege a conscious or callous indifference to a prisoner's rights." Smith, 368 F. App'x at 14. In other words, "to find deliberate indifference on the part of a prison official, a plaintiff inmate must show: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." Thomas v. Bryant, 614 F.3d 1288, 1312 (11th Cir. 2010). Prison officials are not held liable for every attack by one inmate upon another, Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986), nor are they guarantors of a prisoner's safety. Popham v. City of Talladega, 908 F.2d 1561, 1564 (11th Cir. 1990). Rather, a prison official must be faced with a known risk of injury that rises to the level of a "strong likelihood rather than a mere possibility" before his failure

AO 72A
(Rev. 8/82)

to protect an inmate can be said to constitute deliberate indifference. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990).

Like any deliberate indifference claim, a plaintiff must satisfy both an objective and a subjective inquiry. Chandler v. Crosby, 379 F.3d 1278, 1289–90 (11th Cir. 2004). Under the objective component, a plaintiff must prove the condition he complains of is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8 (1992). As for the subjective component, "the prisoner must prove that the prison official acted with 'deliberate indifference.'" Miller v. King, 384 F.3d 1248, 1260–61 (11th Cir. 2004) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). To prove deliberate indifference, the prisoner must show that prison officials "'acted with a sufficiently culpable state of mind'" with regard to the serious prison condition at issue. Id. (quoting Chandler, 379 F.3d at 1289–90). Allegations of a jail official's generalized awareness that someone is "a 'problem inmate' with a well-documented history of prison disobedience and [is] prone to violence" is not enough to show [his] subjective awareness that the inmate poses a substantial risk of serious harm" to other inmates. Gross v. White, 340 F. App'x 527, 531 (11th Cir. 2009) (citing Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003)).

Even accepting as true Plaintiff's allegations that the information relating to his first stabbing nearly a year prior to the incident at issue here was contained in his institutional file and that he told Defendant Martin that he had "problems" in the dormitory to which he was going to be transferred, Plaintiff fails to state a plausible claim for relief pursuant to the Eighth Amendment against Defendants. Plaintiff seeks to attribute constructive knowledge on Defendants Williams, Deal, and Smokes, i.e.,

5

because information relating to the stabbing in 2012 was in his institutional file, these Defendants should have known that Plaintiff faced a risk of harm to his safety by placing him back in the same dorm almost an entire year later. Plaintiff's contention that he told Defendant Martin that he had "problems" in this dormitory shows no more than a generalized fear for his safety. Plaintiff makes conclusory allegations in his Complaint, which is insufficient to survive a Rule 12(b)(6) motion to dismiss.

In addition, Plaintiff has attempted to show actual knowledge on the part of Defendants Williams, Deal, and Smoke by alleging in his Response to Defendants' Motion that these three (3) Defendants were in the infirmary after he was stabbed the first time. Plaintiff did not make this allegation in his Complaint, and his attempt to amend his Complaint at this stage of the proceedings is improper. "Motions to dismiss brought pursuant to Rule 12(b)(6) test the sufficiency of the factual allegations contained in the complaint, and 'a party may not rely on new facts in submissions in response to a motion to dismiss to defeat the motion.'" Erb v. Advantage Sales & Marketing, LLC, No. 6:11-cv-2629, 2012 WL 3260446, *3 (N.D. Ala. Aug. 3, 2012) (quoting Cherry v. City of Philadelphia, No. 04–1393, 2004 WL 2600684, *3 (E.D. Pa. Nov. 15, 2004) (quotations and citations omitted); accord Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) ("'[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.'") (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984)). Even if the Court were to consider Plaintiff's amended allegations, however, he still fails to state a plausible deliberate indifference claim. Plaintiff's allegations would only reveal that he was stabbed nearly a year prior to his transfer and Defendants Williams, Deal,

AO 72A
(Rev. 8/82)

and Smokes had actual knowledge of this stabbing. This does not rise to the level of plausibly showing Defendants' deliberate indifference to a serious risk of harm to Plaintiff's safety. Plaintiff asks the Court to indulge in the possibilities that Defendants had actual knowledge of an assault nearly a full year prior, that the inmate(s) responsible for the first stabbing were still housed in that dormitory, and that Plaintiff informed any of the Defendants of anything more than a generalized risk of harm. Possibilities are not the same as plausibility and are insufficient bases for Plaintiff's Complaint to survive this Rule 12(b)(6) Motion.

It is unnecessary to address the remaining grounds of Defendants' Motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 20th day of August, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE